UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GRENDA RAY HARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-00110-JRG-DCP |
| | ) |
| TONY PARKER *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Grenda Ray Harmer, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I.     SCREENING STANDARDS**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff has filed a 39-page handwritten complaint alleging that 21 separate Defendants violated his constitutional rights between March 2016 through March 2018, when he filed the instant suit [Doc. 2]. Specifically, Plaintiff claims that Defendants have retaliated against him for exposing fraud and filing grievances, that they have denied him adequate bed and hygiene items, that they have threatened him, that they have subjected him to unconstitutional conditions of confinement, that they have subjected him to cruel and unusual punishment, that they have failed to protect him, that they have denied him proper access to the courts, that they have interfered with the proper grievance/disciplinary procedures, and that they have denied him adequate medical care [Doc. 2 at 1-39].

## III.  ANALYSIS

### A.  Retaliation

Plaintiff alleges that Defendants have transferred him, taken and/or destroyed his property, filed false disciplinary reports against him, and placed a "hit" on him in retaliation for his complaints about fraud in prison facilities and his instigation of the instant suit [Doc. 2].

To establish a retaliation claim, Plaintiff must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary

2

firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The Sixth Circuit has held that "the definition of adverse action is not static across contexts," as "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse[,]" and "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations[.]" *Id*. at 398. Rather, a retaliation claim is actionable only if the adverse action is such that would deter a person of ordinary firmness from exercising his right to access the courts. *Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (citing *Thaddeus-X*, 175 F.3d at 398). Such a showing "must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997) (internal quotation marks and citation omitted).

The first element of Plaintiff's retaliation claim is not at issue here; it is settled law that retaliation based on the exercise of one's First Amendment rights is a constitutional violation. *See, e.g*., *Thaddeus-X*, 175 F.3d at 394. However, Plaintiff has not offered any evidence – beyond his subjective belief – that any adverse action he suffered was motivated by the fact that he initiated lawsuits and/or grievances. Therefore, his wholly conclusory allegations of retaliatory motives are insufficient to state a claim under § 1983. *See, e.g., Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).[1]

---

[1] The Court otherwise notes that Plaintiff's claims of retaliation occurring before March 19, 2017, are nevertheless barred by Tennessee's one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim).

3

### B. Threats

Plaintiff claims that numerous Defendants have threatened and harassed him, while other Defendants have ratified such conduct [Doc. 2]. However, verbal abuse and harassment does not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, these allegations fail to state a claim under § 1983.

### C. Cruel and unusual punishment

Plaintiff alleges that he was denied a bedroll and hygiene kit for four days between June 2, 2017 and June 6, 2017, and that on June 5, 2017, he was forced to stand outside in the rain for approximately 30 minutes while going to and from breakfast [*See* Doc. 2 at 7-8].

[T]he unnecessary and wanton infliction of pain," inflicted with "deliberate indifference" to an inmate's health or safety, violates the Eighth Amendment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to prison conditions, as well as to prisoner punishments. *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). However, "[t]he Constitution does not mandate comfortable prisons." *Id.* at 349. Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a claim. *Hudson*, 503 U.S. at 8–9 (citations and quotations omitted).

The four-day deprivation of a bedroll and hygiene kit does not deprive an inmate of "the minimalized civil measure of life's necessities." *See Rhodes*, 452 U.S. at 347; *see also Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at *2 (6th Cir. Sept. 27, 2000) (holding denial of clean linens for a short period of time does not constitute Eighth Amendment violation); *Williams v.*

*Delo*, 49 F.3d 442 (8th Cir. 1995) (holding four-day inmate placement in strip cell without clothes, water, mattress, legal mail, or hygienic supplies did not violate Eighth Amendment).

Additionally, the Court finds that Plaintiff cannot sustain a constitutional claim against any named Defendant for forcing him to stand in the rain for thirty minutes going to and from breakfast. Even if Defendant's conduct was intended to be punitive, the Court notes that Plaintiff alleges that he was forced to stand outside in the early morning hours during the month of June. He has not alleged that he suffered any harm, or that he was ever placed in any danger of harm, by being required to do so. Accordingly, he cannot demonstrate that any named Defendant exposed him to an excessive risk to health or safety, and he has not stated a cognizable constitutional claim. *See Farmer*, 511 U.S. at 837.

### D. Access to courts

Plaintiff alleges that Defendants deliberately delayed his prison grievances and destroyed his initial complaint in an effort to prevent him seeking redress in court. However, Plaintiff has not demonstrated that he was prevented from pursing a legal claim, or that he lost the ability to pursue some avenue of relief due to the delay caused by Defendants' conduct, and therefore, his allegation fails to state a claim upon which relief may be granted. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

### E. Prison grievances

Plaintiff alleges that Defendants interfered with his ability to effectively use the prison grievance process by ignoring his grievances, delaying timely grievance responses, failing to

5

ensure a grievance chairman was always available to timely respond to grievances, and by providing improper grievance responses. To the extent such claims are asserted against any named Defendant in his supervisory capacity, the Court notes that "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, inmates have no constitutional right to a prison grievance procedure, *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001), and no protected interest in having their grievances satisfactorily resolved. *Lewellen v. Metro Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Accordingly, Plaintiff's claims against Defendants regarding their handling of his grievances fails to state a § 1983 claim.

### F. Disciplinary procedures

Plaintiff maintains that a false disciplinary report was filed against him, that he was not given 24-hour notice of the hearing, that a disciplinary hearing was held over his protest that he was not prepared, and that his disciplinary appeal was not properly handled.

In his complaint, Plaintiff contends that his cell was searched on June 5, 2017, that he was taken to lock-up afterwards, and that a disciplinary report was issued [*See* Doc. 2 at 9-10]. Plaintiff's complaint does not expound on what disciplinary infraction with which he was charged, nor does he apprise the Court of punishment that he received as a result. However, the Court notes that in a prison disciplinary proceeding, a prisoner does not have "the full panoply of rights due a defendant" in a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). A failure to comply with prison regulations in conducting the hearing does not raise a constitutional issue, as mandatory language in prison regulations does not create a liberty interest

protected by the Due Process Clause. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Therefore, to the extent that Plaintiff complains that about the timing and handling of his disciplinary hearing, he has failed to state a constitutional claim.

Moreover, to the extent that Plaintiff claims that a false disciplinary report was lodged against him, to the extent that such a claim is separate from his conclusory retaliation claim, he has not alleged that the report was "relied on to a constitutionally significant degree." *Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001). Accordingly, Plaintiff's complaints regarding his disciplinary hearing and its resolution fail to state a cognizable § 1983 claim.

### G. Medical care

Plaintiff claims that Defendants violated his constitutional right to adequate medical care by refusing to properly monitor him during his hunger strike, which resulted in him passing out and requiring medical intervention on July 5, 2017 [*See* Doc. 2 at 9-13].

A prison official violates the Eighth Amendment with regard to lack of medical care or treatment only when he responds with deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires that the medical condition be objectively serious, but it also requires that the prison official actually knew and disregarded the excessive risk to the inmate's health. *Farmer*, 511 U.S. at 837.

However, in the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994). Plaintiff cannot demonstrate that any named Defendant caused him injury, as his voluntary hunger strike, not Defendants' reaction to it, was the proximate cause of any medical condition requiring treatment. In fact, Plaintiff concedes

7

that he initiated and maintained a hunger strike when his demands were not met, that he was taken to the infirmary and treated when he passed out, and that he was transferred to the University of Tennessee Hospital when Defendants were unable to stabilize his blood pressure at the prison infirmary [Doc. 2 at 9-13]. Accordingly, it is apparent that he received medical care in response to his medical needs, and this claim should be dismissed.

### H. Failure to Protect

Plaintiff asserts that prison officials failed to protect him and otherwise jeopardized his safety, which resulted in him being assaulted by gang members on at least one occasion on July 28, 2017 [*See* Doc. 2 at 14-17].

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Therefore, in order for liability to attach to a prison official's failure to protect, the substantial risk and need for protection must be obvious. *See, e.g., Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, an officer's negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

8

Plaintiff claims that on July 28, 2017, he was assaulted by gang members after numerous tier doors were left open for pod activities, and the pod was left unattended for a period of approximately 30 minutes [Doc. 2 at 14]. Plaintiff maintains that he then requested protective custody status when an officer returned and locked everyone down at 9:00 p.m. [*Id.*]. Plaintiff states that he was, in fact, moved a few hours later, with protective custody status pending [*Id.* at 14-15]. Plaintiff is unclear whether he suffered any injury as a result of the alleged assault, but he does not purport to have suffered any significant injury [*Compare* Doc. 2 at 14 *with* Doc. 2 at 15].

Similarly, Plaintiff claims that on October 30, 2017, Defendants placed his safety at risk by placing him in the same unit with the gang member who had previous assaulted him [Doc. 2 at 17]. He concedes, however, that he filed a grievance, and the offending inmate was transferred a few days later [*Id.*].

The Court notes that "not all injuries suffered by an inmate at the hands of another prisoner results in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To be actionable for damages, the alleged constitutional deprivation must have resulted in some actual harm that proves more than *de minimis*. *Id.*; *Hudson*, 503 U.S. at 9-10. In this case, there is no indication that officers had any reason to suspect that the offending inmate might assault Plaintiff, measures were taken to separate the offending inmate from Plaintiff upon his request, and Plaintiff has not identified any actual injury as a result of the alleged assault. Therefore, the Court finds that Plaintiff's conclusory allegations are insufficient to state a claim under § 1983 for failure to protect.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint will be **DISMISSED WITH PREJUDICE** against all named defendants under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(g).

Additionally, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**An appropriate order will enter**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
